COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§          No. 08-15-00097-CR

IN RE: THERESA CABALLERO,       §        AN ORIGINAL PROCEEDING

§

Relator.          IN MANDAMUS

§

## **O P I N I O N**

Theresa Caballero has filed a petition for writ of mandamus against the Honorable Sam Medrano, Judge of the 409th District Court of El Paso County, Texas, to challenge an order "commanding her not to submit a voucher for legal services performed on behalf of an indigent criminal defendant" who she represented by virtue of an appointment order. She asks the Court to order Respondent to accept her payment voucher and to pay her a reasonable attorney's fee according to the applicable fee schedule. We conditionally grant mandamus relief.

### **FACTUAL SUMMARY**

The Public Defender's Office initially represented Hector Torres on multiple child pornography charges (cause number 20090D03029) and a possession of control substance charge (cause number 20090D01913), pending in the 409th District Court. Torres became dissatisfied with the Public Defender's Office and he asked Respondent to appoint someone else. When Respondent refused, Torres waived his right to counsel and exercised his right of self-representation. Shortly after jury trial began in June of 2010, Caballero and Stuart Leeds offered

to represent Torres *pro bono* and Torres waived his right of self-representation. Respondent granted a mistrial in order for Caballero and Leeds to have an opportunity to prepare a defense. He also determined that he would appoint Caballero and Leeds as Torres' attorneys so that they could be compensated. Leeds and Caballero subsequently filed a written notice titled "Notice of Only One Attorney Voucher". The notice provided as follows:

> NOW COMES the Defendant herein by and through his Attorneys of Record, Stuart L. Leeds and Theresa Caballero, and files this his Notice of Only One Attorney Voucher, and in support thereof, would respectfully show unto the Court as follows:

> The Court was gracious enough to appoint both of the above two attorneys to these cases. However, upon further reflection attorneys have reconsidered this and give notice as follows: Since two attorneys are usually not appointed to non-capital cases, one of the said attorneys in these two cases will be acting pro bone [sic] in these cases for purposes of the voucher. A voucher for only one attorney's work will be submitted in these cases, not both.

The notice did not provide which of the two attorneys would submit the voucher. The case went to trial in June of 2011, and the jury acquitted Torres of fourteen counts, but it could not reach a decision on the remaining counts. Leeds subsequently submitted two vouchers, both of which were approved by Respondent, in the amounts of $3,382.50 (pretrial) and $15,065.07 (jury trial).[1]

In February of 2013, Respondent appointed Leeds to represent Torres on a new twenty-three count indictment, cause number 20130D00610, which is a re-indictment of the remaining counts. In May of 2013, Leeds license to practice law was suspended. Respondent set Torres' case for trial in October of 2013. Caballero continued as Torres' sole appointed attorney and the case resulted in a mistrial. Leeds' license to practice law was reinstated in January of 2014, but he filed a motion to withdraw, citing the history between himself, the trial court, and the prosecutor. He did not set forth the history to which he referred, but Caballero alleged in a

---

[1] The payment vouchers contain four cause numbers: 20090D03029, 20090D03029-409, 20100D05263, and 20100D05263-409.

subsequent motion that Leeds withdrew because Respondent, at the request of Assistant District Attorney Penny Hamilton, had held Leeds in contempt. Hamilton was also the prosecutor in Torres' case. Respondent granted the motion to withdraw. Following the withdrawal of Leeds, Caballero filed a motion for the trial court to appoint her as counsel because she could not afford to finance the cost of the litigation by herself. Respondent refused to appoint Caballero. Upon realizing that the court had previously entered an order appointing her as Torres' attorney, Caballero filed a motion to enforce the appointment order and she directed the court's attention to the original appointment order. At the hearing on the motion, Respondent ruled that Caballero had always represented Torres *pro bono* and he directed her to not submit a payment voucher. Caballero continued to represent Torres and he subsequently entered a negotiated guilty plea in cause number 20130D00610 to possession with intent to promote child pornography and the State dismissed the remaining counts. Torres also entered a negotiated guilty plea in cause number 20090D01913 to possession of a controlled substance.

## PAYMENT OF APPOINTED COUNSEL

In three issues, Caballero asserts that she is entitled to mandamus relief because the trial court had a ministerial duty to pay her reasonable compensation for services she performed as court-appointed counsel for Hector Torres. To obtain mandamus relief, Caballero must establish both that she has no adequate remedy at law to redress her alleged harm, and that what she seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007).

Caballero does not have any remedy other than mandamus to challenge Respondent's refusal to pay her for the work performed on behalf of Torres. The only remaining question is

- 3 -

whether this original proceeding involves a ministerial act. Article 26.06(a) of the Code of Criminal Procedure provides that:

> A counsel, other than an attorney with a public defender's office or an attorney employed by the officer of capital and forensic writs, appointed to represent a defendant in a criminal proceeding, including a habeas corpus hearing, shall be paid a reasonable attorney's fee for performing the following services, based on the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel:
>
> (1) time spent in court making an appearance on behalf of the defendant as evidenced by a docket entry, time spent in trial, and time spent in a proceeding in which sworn or oral testimony is elicited;
>
> (2) reasonable and necessary time spent out of court on the case, supported by any documentation that the court requires;
>
> (3) preparation of an appellate brief and preparation and presentation of oral argument to a court of appeals or the Court of Criminal Appeals; and
>
> (4) preparation of a motion for rehearing.

TEX.CODE CRIM.PROC.ANN. art. 26.05(a)(West Supp. 2015). Further, all payments must be paid in accordance with a schedule of fees adopted by formal action of the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county. TEX.CODE CRIM.PROC.ANN. art. 26.05(b)(West Supp. 2014).

Article 26.05 mandates that appointed counsel shall be paid for certain types of work performed on behalf of the client. Implicit in this statutory mandate is a requirement that a trial court act on a payment voucher submitted by an attorney who is appointed to represent a defendant and has performed legal services on behalf of the client. The trial court concluded that Caballero had always represented Torres *pro bono* but that is not consistent with the mandamus record. The trial court appointed both Caballero and Leeds to represent Torres. They filed a notice with the trial court which stated: "A voucher for only one attorney's work will be submitted in these cases, not both." While Leeds submitted the voucher and was paid for the

- 4 -

first trial, he subsequently withdrew from representation of Torres and Caballero continued as Torres' only appointed attorney from that point forward. It is undisputed that Caballero alone represented Torres at the second trial and at the guilty pleas in cause numbers 20090D01913 and 20130D00610. Under Article 26.05(a), an attorney appointed to represent a defendant "shall be paid a reasonable attorney's fee . . . " for time spent in court and reasonable and necessary time spent out of court.

The trial court did not have authority to order Caballero to not submit a payment voucher in connection with legal services she provided while acting as Torres' only attorney in cause numbers 20090D01913 and 20130D00610. We hold that Caballero has carried her burden of establishing that the trial court had a ministerial duty to accept and act on a payment voucher submitted by Caballero in connection with her representation of Torres in these cases as his only attorney. We sustain Issues One through Three and conditionally grant the writ of mandamus. The trial court is directed to accept the payment voucher submitted by Caballero and pay her a reasonable attorney's fee under Article 26.05(a) and according to the applicable fee schedule for legal services performed on behalf of Torres in cause numbers 20090D01913 and 20130D00610 while acting as Torres' only attorney. The writ will issue only in the event the trial court fails to act in accordance with this decision.

December 4, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)